MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
DONNA M. WITTIG, ESQ.
Nevada Bar No. 11015
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone:   (702) 634-5000
Facsimile:    (702) 380-8572
Email: melanie.morgan@akerman.com
Email: donna.wittig@akerman.com

*Attorneys for Defendant Nationstar Mortgage, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PRISCILLA SANTOS CORTEZ,<br><br>           Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC;<br>QUALITY LOAN SERVICING, LLC;<br>WEST COAST MORTGAGE GROUP;<br>ALLIANCE BANCORP;<br>AURORA BANK, FSB;<br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;<br>ROSE VELLANOWETH;<br>and DOES 1-10, inclusive,<br><br>           Defendants. | Case No.: 2:15-cv-01085<br><br>**PETITION FOR REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§1331 AND 1367** |

Attorneys for Defendant Nationstar Mortgage, LLC (**Nationstar**) remove the action filed in the Eighth Judicial District Court, Clark County, Nevada as Case No. A-15-718200-C, pursuant to 28 U.S.C. §§1331 and 1367, to the United States District Court for the District of Nevada, and as grounds for removal state as follows:

## **BACKGROUND**

1.     Plaintiff Priscilla Santos Cortez (**Plaintiff**) filed her Verified Complaint on May 11, 2015, against Defendants Nationstar; Quality Loan Servicing, LLC (**Quality**); West Coast Mortgage

{32464533;1}

1. Group (**West Coast**); Alliance Bancorp (**Alliance**); Aurora Bank, FSB (**Aurora**); Mortgage Electronic Registration Systems, Inc. (**MERS**); Rose Vellanoweth (**Vellanoweth**); and DOES 1-10, inclusive, in the Eighth Judicial District of Clark County, Nevada.  (*See* Complaint, **Exhibit A**.)

2. Plaintiff alleges (1) Fraud in the Factum; (2) Violations of the Truth in Lending Act; (3) Rescission; (4) Unfair Lending Practices under Nev. Rev. Stat. Chapter 598D; (5) Violation of the Fair Debt Collection Practices Act under Nev. Rev. Stat. Chapter 649; (6) Improper Foreclosure under the Deed of Trust; (7) Violations of Nevada Revised Statutes N.R.C.P. 17(a); (8) Unfair Business Practices; and (9) Quiet Title.  Plaintiff's claims arise from the alleged actions of the defendants relating to a mortgage loan related to property located at 1020 Zurich Avenue, Henderson, Nevada 89105 (the **Property**) and subsequent foreclosure on the Property.

3. The Eighth Judicial District of Clark County is a state court within this district and division.

4. This Petition for Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides, in pertinent part, as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is bases, or within thirty days after the service of the summons upon the defendant if such initial pleading that has been filed in court and is not required to be served on the defendant, whichever period is shorter.

5. Plaintiff claims to have faxed Nationstar a copy of the Complaint in this case on May 11, 2015.  Copies of all process, pleadings, and orders received by Nationstar are attached hereto as **Exhibit A** pursuant to 28 U.S.C. § 1446(a).

6. Upon information and belief, Plaintiff has not formally served any defendants in this action or otherwise notified them of the current action.

7. Nationstar timely files this petition for removal within thirty (30) days of the time that it learned of the action.  *See* 28 U.S.C. § 1446(b).  In fact, Plaintiff filed the Complaint less than thirty (30) days ago, on May 11, 2015.

/ /

/ /

{32464533;1}                                         2

# FEDERAL JURISDICTION

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question).

9. Plaintiff maintains that certain actions of Nationstar and Defendant Alliance violate the federal Truth in Lending Act (**TILA**):

> A professional audit, by Prime Legal Services LLC of Clifton, New Jersey, of the Plaintiff's mortgage loan revealed the annual percentage rate [APR] was understated by .460% which is a violation of TILA.
>
> It was further found that the finance charge was understated by an enormous $10,275.00, another violation of TILA.
>
> The inaccurate calculation of the finance charge resulted in an inaccurate amount financed and APR in violation of 15 U.S.C. § 1602(u) and 12 C.F.R. § 226.18.
>
> Furthermore, the variable interest rate was not disclosed to Plaintiff, nor was she provided individual copies of all documents in the transaction as required by TILA in violation of 15 U.S.C. § 1632 and 12 C.F.R. § 226.17(d).

(Compl. ¶¶ 74-77.)

10. Also, Plaintiff premises her claim against Nationstar for violations of Nev. Rev. Stat. Chapter 649 on the federal Fair Debt Collection Practices Act (**FDCPA**):

> Quality and Nationstar violated the FDCPA by failing to include certain language in the NOD [Notice of Default] mandated by 15 U.S.C. §§ 1692e(11) and 1692g(a)(1)-(5), by making a false and misleading attempt to collect a debt and by failing to include the notice required under the DOT [Deed of Trust], and by misrepresenting that acceleration occurred when it cannot yet have occurred under the terms of the DOT.

(Compl. ¶ 93.)

11. A case may be removed to federal court if the action arises under federal law. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441. A case arises under federal law if the removing party establishes either that federal law created the cause of action or that the plaintiff's right to relief implicates significant questions of federal law. *See Franschise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983) (holding federal jurisdiction exists when a state claim "necessarily depend[s] on resolution of a substantial question of federal law.").

{32464533;1}                                3

12. Plaintiff's allegations implicating federal law are a necessary part of the framework of Plaintiff's case. *See e.g., California ex rel Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 841 (9th Cir. 2004). Plaintiff's TILA and FDCPA claims depend on whether the defendants violated the federal statutes at issue.

13. This Court may exercise supplemental jurisdiction under 28 U.S. C. § 1367 with respect to any of Plaintiff's claims that do not arise out of federal law.

## ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

14. Nationstar was allegedly faxed a copy of the Complaint on May 11, 2015. Therefore, Nationstar timely filed this Petition for Removal within the 30-day time limit allowed under 28 U.S.C. § 1446(b).

15. Nationstar has not previously removed this action.

16. Removal at the present time will not result in any prejudice to Plaintiff as the matter is in the initial pleading stage, and no discovery has occurred.

17. Upon information and belief, Nationstar is the only party that has been notified of this action. Nationstar will obtain the consent of the co-defendants as soon as they are served and have appeared in this action.

18. Upon information and belief, Does 1-10 have not been served, and their consent is not required. *See* 28 U.S.C. § 1441(b).

19. Nothing in this Petition for Removal shall be interpreted as a waiver or relinquishment of Nationstar's rights to assert any defense or affirmative matter, whether pursuant to Fed. R. Civ. P. 8(c), Fed. R. Civ. P. 12(b), or otherwise, including but not limited to, the defenses for failure to state a claim for which relief can be granted or insufficient service of process. Nationstar intends no admission of fact, law or liability by this Petition and Notice, and expressly reserves all defenses, motions and/or pleas, including.

/ /

/ /

/ /

20. Nationstar reserves the right to supplement this Petition for Removal by adding any jurisdictional defenses which may independently support a basis for removal.

21. A copy of this Petition is being filed with the Clerk of the District Court of Clark County, Nevada, as provided under 28 U.S.C. § 1446. Nationstar will also give prompt written notice to Plaintiff of the filing of this Petition for Removal.

22. Nationstar has attached to this notice copies of all process, pleadings, and orders filed with the state court prior to the filing of this Petition for Removal.

## **CONCLUSION**

WHEREFORE, Nationstar respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Eighth Judicial District Court of Clark County, Nevada to the United States District Court for the District of Nevada.

DATED this 8th day of June, 2015.

**AKERMAN LLP**

/s/  *Donna M. Wittig*
MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
DONNA M. WITTIG, ESQ.
Nevada Bar No. 11015
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144

*Attorneys for Defendant Nationstar Mortgage, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2015 and pursuant to FRCP 5, I served a true and correct copy of the foregoing **PETITION FOR REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§1331 AND 1367**, postage prepaid and addressed to:

Priscilla Santos Cortez
4132 Calmoor Street
National City, CA 91950

*Pro Se Plaintiff*

                                              */s/ Michelle N. Ledesma*
                                              An employee of AKERMAN LLP

**AKERMAN LLP**
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572